UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JAMAL MBELE-PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: |
| | ) |
| TMS LOGISTICS, INC., and | ) |
| AMCOR RIGID PACKAGING | ) |
| USA, LLC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff JAMAL MBELE-PITTS ("Plaintiff" or "MBELE-PITTS"), files his Complaint against Defendant, TMS LOGISTICS, INC. ("TMS") and AMCOR RIGID PACKAGING USA, LLC ("AMCOR"), collectively "Defendants", and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendants' unlawful employment practices against Plaintiff including Defendants' unlawful discrimination, harassment, sexual harassment, and retaliation

1

against Plaintiff because of his sex, failure to conform to traditional gender stereotypes, and sexual orientation leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Title VII claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendants' unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Mbele-Pitts is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Osceola County, Florida.

6. Defendant, TMS Logistics, Inc. is a Foreign For-Profit Corporation with its principal place of business in Cedar Grove, Wisconsin that operates under the fictitious name ReedTMS Logistics.

7. Defendant, Amcor, is a Foreign Limited Liability Company, with its principal address located in Ann Arbor, Michigan.

8. At all times relevant, Plaintiff worked for Defendants at 1650 S Poinciana Blvd, Kissimmee, Florida 34758.

9. Defendants are employers as defined by the laws under which this action is brought and employ the requisite number of employees.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On April 27, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against both Defendants, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, sexual orientation, and retaliation.

12. Plaintiff's EEOC Charges were filed within three hundred days after the alleged unlawful employment practices.

13. On January 27, 2021, the EEOC issued to Plaintiff his Notices of Right to Sue at the request of the Plaintiff, a copy of which are attached hereto as **Exhibit A.**

14. This Complaint was timely filed within ninety days following Plaintiff's receipt of the EEOC's Notices of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff is a homosexual male and does not conform to traditional gender stereotypes because he wears traditionally feminine jewelry such as beads on his wrist, numerous rings with gems and stones, and has both ears pierced, and wears his hair in traditionally feminine styles by having long dreads that he occasionally wears in a ponytail.

16. Plaintiff was hired in June 2019 by TMS and assigned to work at Amcor. TMS paid Plaintiff and initially assigned him a location; however, Amcor assigned Plaintiff his schedule, set his hours, assigned his daily routes, set the standards for delivery, and implemented and enforced the daily policies and procedures that Plaintiff was required to follow.

17. Defendants both had the power and opportunity to take disciplinary action and remedy the discrimination and harassment Plaintiff was subjected to.

18. Defendants are joint-employers because both exercise sufficient control over Plaintiff.

19. From the beginning of Plaintiff's employment, Plaintiff was subjected to sexually explicit images and interrogation about his sexual orientation to harass him for his failure to conform to traditional gender stereotypes. For example, Larry Flowers (Shipping Manager at Amcor, Heterosexual) forced Plaintiff to view

heterosexual pornography and pictures of scantily clad women while studying Plaintiff's reactions to try to gauge Plaintiff's sexual orientation.

20. To further discriminate against Plaintiff, Mr. Flowers asked Plaintiff if he was sexually attracted to various women at the job site to test Plaintiff's sexual orientation and non-conformity to gender stereotypes.

21. Mr. Flowers also harassed Plaintiff about Plaintiff's non-conformity to gender stereotypes by making derogatory comments about Plaintiff's jewelry and hair.

22. To further sexually harass Plaintiff, Mr. Flowers propositioned Plaintiff to join a swingers event – which is an event at which people in relationships exchange sexual partners - at the Gaylord Palms.

23. Mr. Flowers also harassed Plaintiff stating that Plaintiff and his male coworker, Kevin, needed to go somewhere and kiss, insinuating that they were in an intimate relationship, any time Kevin interacted with Plaintiff – which was almost daily.

24. Plaintiff repeatedly refused to engage with Mr. Flowers and reported his concerns to Tina (last name unknown) (Manager at TMS, Heterosexual) via email. However, Tina failed to take remedial action.

25. In mid-December 2019, Plaintiff confronted Mr. Flowers after he continued to comment about Plaintiff needing to kiss Kevin. Plaintiff attempted to

stop further harassment by Mr. Flowers by asking what if he [Plaintiff] was homosexual and why it mattered. Mr. Flowers did not respond.

26. After Plaintiff expressed his offense regarding the incessant harassment to Mr. Flowers, Plaintiff's counterparts joined in harassing Plaintiff about his sexual orientation and failure to conform to traditional gender stereotypes, such as snickering about Plaintiff not liking sports which they believed a heterosexual man conforming to traditional gender stereotypes would.

27. Then, James (Coworker at Amcor, Heterosexual) loudly mocked Plaintiff exclaiming that he heard Plaintiff was from Philadelphia, the city of *brotherly love*, emphasizing brotherly love to reference Plaintiff's sexual orientation and non-conformity to gender stereotypes, and the surrounding employees joined in laughing at Plaintiff for his sexual orientation and non-conformity to gender stereotypes.

28. Plaintiff responded to the discriminatory harassment stating that brotherly love is what Philadelphia means in Greek and that if the comment was intended to be further harassment about him being homosexual, that he [Plaintiff] does not have a problem with homosexuality. No one responded.

29. On or about the next day, Jerome Davis (Recruiter at TMS, Heterosexual) called Plaintiff accusatorily and vaguely asking about what happened the other night. Plaintiff asked for clarification, but Mr. Davis refused to provide

context regarding what he was referencing. Mr. Davis then stated that Plaintiff could not go back to Amcor but refused to provide a reason.

30. Plaintiff reported Defendants' reasonless removal from his position to Jeff Buschelmann (Chief Operating Officer at TMS, heterosexual). Mr. Buschelmann informed Plaintiff that Amcor had emailed TMS stating that it was not comfortable working around Plaintiff; however, Defendants refused to provide a reason for supposedly feeling uncomfortable. Clearly, the discomfort was out of discriminatory and retaliatory animus for Plaintiff standing up for his sexual orientation and objecting to the sexual harassment. Plaintiff escalated his concerns of discrimination and sexual harassment to Mr. Buschelmann, who stated he would investigate however, no remedial action was taken.

31. Plaintiff then contacted Mark Reed (Chief Executive Officer at TMS, Heterosexual) and Sandra Downing (Human Resources at TMS, Heterosexual) and further reported his concerns of discrimination. Ms. Downing had not been apprised of the situation yet, but Mr. Reed informed Plaintiff that Amcor had emailed a complaint about being uncomfortable with Plaintiff; however, Mr. Reed also refused to provide any further information about the complaint.

32. Plaintiff escalated concerns of discrimination, and Mr. Reed and Ms. Downing claimed that they would look into it. Plaintiff specifically noted that the complaint of supposedly being uncomfortable was vague and that Mr. Davis should

7

not have been the person to contact Plaintiff as Mr. Davis was not a manager. Ms. Downing agreed that it was vague and that TMS did not follow proper procedure. She set a call for the next day supposedly to discuss Plaintiff's protected concerns.

33. The next day, Mr. Buschelmann and Ms. Downing called Plaintiff and stated that Amcor gave several reasons, but did not provide what the reasons supposedly were, and stated that TMS was not permitted to have Plaintiff return to Amcor and further was not offering Plaintiff any other account. Thus, Defendants terminated Plaintiff and again refused to provide Plaintiff with any details about what the supposed reasons were for his removal from his position.

34. The temporal proximity between Plaintiff's protected activity of reporting his concerns of and objecting to the discrimination and sexual harassment and the sudden termination from his employment at both Amcor and TMS demonstrates that Defendants terminated Plaintiff to further discriminate and retaliate against him.

35. After terminating Plaintiff, TMS attempted to prevent Plaintiff from obtaining unemployment benefits by claiming that he was terminated for failing to meet the employer's job performance requirements; however, Defendants had not alleged performance issues at any point before or during Plaintiff's employment. The changing reason for termination demonstrates that Defendants terminated Plaintiff to further discriminate and retaliate against him.

36. Plaintiff has been damaged by Defendants' illegal conduct.

37. Defendants' conduct was willful, malicious, and done with reckless disregard for Plaintiff's federally protected rights.

38. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Sex Based Discrimination in Violation of Title VII

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 38 above.

40. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male, and does not conform to traditional gender stereotypes for reasons including that he wears traditionally feminine jewelry such as beads on his wrist, numerous gems and stones, and has both ears pierced, and wears his hair in traditionally feminine styles by having long dreads that he occasionally wears in a ponytail.

41. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his sex and failure to conform to traditional gender stereotypes with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant intentionally discriminated against Plaintiff on the basis of his sex and his failure to conform to traditional gender stereotypes.

9

43. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his sex and his failure to conform to traditional gender stereotypes.

44. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

45. Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count II:
## Sexual Orientation Based Discrimination in Violation of Title VII

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 38 above.

47. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sexual orientation, homosexual.

48. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his sexual orientation with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his sexual orientation.

50. Defendant intentionally discriminated against Plaintiff on the basis of his sexual orientation.

51. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

52. Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**Count III:**
**Sexual Harassment in Violation of Title VII**

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-38 above.

54. Defendants subjected Plaintiff to severe and pervasive sexual harassment.

55. Despite Plaintiff reporting the sexual harassment, Defendants failed to take action to remedy the situation or prevent future harassment.

56. Defendants' conduct created and perpetuated a hostile work environment for Plaintiff.

57. Defendants' conduct violated Title VII.

58. Plaintiff has satisfied all statutory prerequisites for filing this action.

59. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

60. Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of Title VII

61. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 38 above.

62. Plaintiff engaged in protected activity under Title VII while employed by Defendants.

63. Defendants engaged in intentional retaliation against Plaintiff for his participation in protected activity.

64. Defendants' conduct violated Title VII.

65. Defendants' discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

66. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

67. Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count V:
### Sex Based Discrimination in Violation of the FCRA

68. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 38 above.

69. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his sex, male, and does not conform to traditional gender stereotypes for reasons including that he wears traditionally feminine jewelry such as beads on his wrist, numerous gems and stones, and has both ears pierced, and wears his hair in traditionally feminine styles by having long dreads that he occasionally wears in a ponytail.

70. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his sex and failure to conform to traditional gender stereotypes with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

71. Defendant intentionally discriminated against Plaintiff on the basis of his sex and his failure to conform to traditional gender stereotypes.

72. Defendant violated the FCRA by discharging and discriminating against Plaintiff based on his sex and his failure to conform to traditional gender stereotypes.

73. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and

continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

74. Defendants' unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count VI:
## Sexual Harassment in Violation of the FCRA

75. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 38 above.

76. Defendants subjected Plaintiff to severe and pervasive sexual harassment.

77. Despite Plaintiff reporting the sexual harassment, Defendants failed to take action to remedy the situation or prevent future harassment.

78. Defendants' conduct created and perpetuated a hostile work environment for Plaintiff.

79. Defendants' conduct violated the FCRA.

80. Plaintiff has satisfied all statutory prerequisites for filing this action.

81. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

82. Defendants' unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count VII:
### Retaliation in Violation of the FCRA

83. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1- 38 above.

84. Plaintiff engaged in protected activity under the FCRA when he raised concerns about Defendants' discriminatory behavior.

85. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

86. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as

well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

87. Defendants' unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Zane A. Herman*
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*